WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Jose Adan Olivas - 001<br>Jose Padilla - 002,<br><br>  Defendants. | No. CR-19-02942-001-TUC-JGZ (LAB)<br><br>**ORDER** |

Defendant Jose Olivas filed a Motion to Dismiss the Indictment based on alleged violations of his Fifth Amendment right to Due Process and Sixth Amendment right to compulsory process for obtaining favorable witnesses. (Doc. 84.) Defendant Padilla filed a joinder in the motion. (Doc. 86.) Because the Defendants fail to demonstrate that the Government acted in bad faith and do not make a plausible showing that material, favorable, and non-cumulative evidence was lost when witnesses were released, the Court will deny the Motion.[1]

**I.    Background**

On October 14, 2019, United States Border Patrol (USBP) agents searched a tractor-trailer and found 32 people – 31 adults and one juvenile – who admitted that they had not entered the United States legally. (Doc. 1.) After interviewing the 31 adults, USBP held ten as material witnesses and deported the remaining 22. (*Id.*) Defendant Padilla, the driver of the truck, and Defendant Olivas, the passenger, were arrested and charged with

---

[1] This motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f).

Conspiracy to Transport Illegal Aliens, in violation of Title 8, United States Code, Section 1324(a)(1)(A). (Doc. 1.) According to the Government, the parties took video depositions of six of the 11 material witnesses,[2] and Defendants declined to depose at least five of the material witnesses. (Doc. 89, pg. 2.) All material witnesses have been released in accordance with court orders. (Doc. 48, 67, 68.)

## II. Discussion

Defendants argue that the Court should dismiss the indictment because the Government violated their Fifth Amendment right to due process and Sixth Amendment right to compulsory process for obtaining witnesses in their favor by deporting potentially exculpatory witnesses.

The Fifth Amendment states that "[n]o person shall be…deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Sixth Amendment states "[i]n all criminal prosecutions, the accused shall enjoy the right to…have compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. To determine if the deportation of a witness violated a criminal defendant's Fifth and Sixth Amendment rights, "the defendant must make an initial showing that the Government acted in bad faith *and* that this conduct resulted in prejudice to the defendant's case." *United States v. Dring*, 930 F.2d 687, 693 (9th Cir. 1991) (emphasis in original).

"To establish that the government acted in bad faith, [the defendant] must show either 'that the Government departed from normal deportation procedures' or 'that the Government deported [the witness] to gain an unfair tactical advantage over him at trial.'" *United States v. Pena-Gutierrez*, 222 F.3d 1080, 1085 (9th Cir. 2000) (quoting *Dring*, 930 F.2d at 695). If the government has reason to believe that a witness has exculpatory information favoring the defendant, the government must give defense counsel a chance to interview the witness and determine whether they should be retained until trial. *United States v. Leal-Del Carmen*, 697 F.3d 964, 970 (9th Cir. 2012). "The question of bad faith thus turns on what the government knew at the time it deported the witness." *Id.*

---

[2] The government added one of the 22 released witnesses as an 11th material witness after USBP apprehended him for a second time on November 4, 2019. (Doc. 30.)

To demonstrate prejudice, "the defendant must at least make 'a plausible showing that the testimony of the deported witnesses would have been material and favorable to his defense, in ways not merely cumulative to the testimony of available witnesses.'" *Dring*, 930 F.2d at 693–94 (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 873 (1982)). The materiality requirement implicitly refers to evidence that might affect the outcome of a trial. *Valenzuela-Bernal*, 458 U.S. at 868 (quoting *United States v. Agurs*, 427 U.S. 97, 104 (1976)). An unavailable witness's testimony is cumulative if it adds nothing new to an available witness's testimony. *United States v. Tafollo–Cardenas*, 897 F.2d 976, 979 (9th Cir. 1990).

Here, Defendants do not present any evidence that the Government acted in bad faith when they deported the illegal-alien witnesses. First, Defendants do not present any evidence to suggest that the Government departed from normal deportation procedures. Second, as discussed in more detail below, Defendants do not present evidence that the government had reason to believe that the witnesses had information favorable to the Defendants at the time the witnesses were deported. The Government could not have deported the witnesses to gain an unfair tactical advantage if the Government had no basis to suspect that the witnesses had non-cumulative information favorable to the defense.

Additionally, Defendants fail to meet their burden of plausibly showing that their case was prejudiced because Defendants have not presented facts that the deported witnesses' testimony would have been material, favorable, and non-cumulative. First, Defendants allege that nine of the deported witnesses made statements favorable to the defense in their initial interviews, which Defendants stated would be submitted to the Court under seal. (Doc. 84, pg. 3; Doc. 90, pg. 2.) No statements have been submitted, however. In the Reply, Defendants explain that the Government's Disclosure Agreement prohibits counsel from attaching discovery pages to a motion. (Doc. 90, p. 2.) Whether the Agreement prohibits or does not prohibit Defendants from submitting the actual law enforcement reports of the witness interviews, Defendants are not prevented from identifying and relaying the relevant exculpatory material contained within the reports. In

fact, Defendants did just that when reporting that none of the material witnesses identified either Defendant. Second, Defendants claim that none of the witnesses should have been deported because none of the witnesses could identify Defendants and "thirty-one no's are exculpatory." (Doc. 90, pg. 3.) The Court disagrees and concludes that thirty-one no's are cumulative. Six material witnesses have already testified that they could not make an identification because they could not clearly see who put them in the trailer; the testimony of 20 more witnesses to the same effect would be both cumulative and immaterial. Finally, Defendants argue that their inability to question the witnesses about "when the aliens got in the truck, how long they were in the truck before it started to drive away and if the truck ever stopped to pick up additional aliens" materially affects their ability to put on their defense. (Doc. 86.) Defendants, however, fail to explain how this testimony would be material, favorable, or non-cumulative.

In sum, because Defendants fail to present evidence that the Government's deportation of illegal-alien witnesses was done in bad faith and prejudiced Defendants' case, the Court concludes that the Defendants' Fifth Amendment right to due process and Sixth Amendment right to compulsory process were not violated and will deny Defendants' Motion to Dismiss the Indictment.

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss the Indictment (Doc. 84) is DENIED.

Dated this 24th day of June, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge