# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-02942-TUC-JGZ (LAB) |
| Plaintiff, | **ORDER** |
| v. | |
| Jose Adan Olivas, | |
| Defendant. | |

Pending before the Court is Magistrate Judge Leslie Bowman's Report and Recommendation (R&R) recommending that the Court deny Defendant Jose Adan Olivas's Motion to Sever. (Doc. 184.) Olivas has filed an Objection to the Report, and the Government has filed a Response to the Objection. (Docs. 190, 193.)

After an independent review of the parties' briefing and of the record, the Court will adopt Magistrate Judge Bowman's recommendation, and deny the motion to sever. (Doc. 170.)

**STANDARD OF REVIEW**

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that

is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Further, a party is not entitled as of right to de novo review of evidence or arguments which are raised for the first time in an objection to the report and recommendation, and the Court's decision to consider newly-raised arguments is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

## DISCUSSION

Defendant's Objection sets forth essentially the same arguments he asserted in his motion to sever and reply. Defendant does not object to specific findings in the Report; he objects only to the legal conclusion. For the reasons thoroughly explained by Magistrate Judge Bowman, and upon consideration of the applicable law, the Court concludes that, at this stage of the proceedings, Olivas has not met his high burden of showing that a joint trial would result in undue prejudice by compromising a specific right. Codefendant Jose Padilla's anticipated no-knowledge defense is not an irreconcilable or mutually antagonistic defense.[1] Even if the jury concludes that Padilla had no knowledge of the illegal aliens, it does not necessarily follow that the jury must convict Olivas. Moreover, as the Ninth Circuit has made clear, "a joint trial is particularly appropriate where the codefendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *United States v. Fernandez,* 388 F.3d 1199, 1242 (9th Cir. 2004); *see United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir. 1980) (the general rule in favor of joint trials "is also the rule in conspiracy cases"). The Court concludes that careful instructions and trial management will eliminate any risk of manifest prejudice.

Because Petitioner's objection does not undermine the analysis and proper conclusion reached by Magistrate Judge Bowman, Olivas's objection is rejected, and the

---

[1] Olivas argues repeatedly that the core of Padilla's defense is "completely irreconcilable" with Olivas's core defense, but Olivas does not discuss his own defense or substantiate that the defenses are mutually antagonistic.

- 2 -

Report and Recommendation is adopted.

## CONCLUSION

**IT IS ORDERED**

1. The Report and Recommendation (Doc. 184) is **ADOPTED**.

2. Defendant's Motion to Sever (Doc. 170) is **DENIED**.

Dated this 20th day of July, 2021.

Honorable Jennifer G. Zipps
United States District Judge